249 N.J. Super. 552 (1991)
592 A.2d 1228
ASHLEY COURT ENTERPRISES, PLAINTIFF-RESPONDENT,
v.
GAIL WHITTAKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1991.
Decided July 10, 1991.
*554 Before Judges PRESSLER, BAIME and ARNOLD M. STEIN.
Sonia Bell argued the cause for appellant (Camden Regional Legal Services, Inc., attorney; Sonia Bell on the letter brief and reply letter brief).
Brian S. Belson argued the cause of respondent.
The opinion of the Court was delivered by ARNOLD M. STEIN, J.A.D.
We reverse the judgment of possession in favor of plaintiff landlord, vacate the order of possession and remand to the Law Division, Special Civil Part, for entry of a judgment in favor of defendant.
There is a stormy relationship between this landlord and this tenant. Pursuant to the Section 8[1] lease signed by the parties, the Clementon Housing Authority was responsible for 100% of defendant's rent. In July 1990, the landlord refused to renew defendant's lease. Defendant claimed that good cause for non-renewal did not exist. When the lease was not renewed, Clementon Housing Authority stopped paying defendant's rent. Plaintiff then brought a dispossess action based upon nonpayment of rent. In January 1990 plaintiff obtained a judgment for possession. We stayed defendant's eviction and remanded the matter. That case was later consolidated with Whittaker v. Clementon Housing Authority, an action filed by defendant claiming wrongful termination of her benefits. Her *555 action has now been removed to the United States District Court.
In the meantime, plaintiff began other preliminary steps to secure defendant's removal from the apartment.
By letter dated March 28, 1990, plaintiff's attorney sent defendant a notice to cease advising defendant that "[if] you do not immediately cease (stop) doing the acts complained of, you may be EVICTED. This means you may be forced to leave." The letter listed the following "acts complained of":
You are presently in violation of your lease agreement due to the "Unauthorized Resident" presently living in your apartment and damage to Apartment A-2. Following is a list of Paragraphs of the lease which apply to these violations:
"Additional Agreements-This apartment lease is to be used as a residence only by those individuals listed on the application and no more. Tenants listed on lease were Gail Whittaker and son Kevin."
"5. No Assignment or Subletting-The Tenant may not do any of the following without the Landlord's written consent: (a) assign this lease, (b) sublet all or any part of the Apartment or (c) permit any other persons to use the Apartment except as a temporary guest of no more than SEVEN (7) DAYS."
"29. Lease Terminations: Landlord may terminate this Lease under any one or more of the following circumstances:
(A) Tenant fails to pay rent, due and owing on a lease.
(B) Tenant causes or allows destruction, damage or injury to the leased premises or in the common areas willfully or through gross negligence.
(F) Tenant continues to violate any rules and regulations accepted in writing by the tenant or made a part of this lease at the beginning of its term and after notice to cease."
"Schedule A, Rules and Regulations, Paragraph 30-Tenant shall pay the cost of expenses incurred by the Landlord due to the failure of the Tenant to pay any monies due under this Lease, or for the failure of Tenant to comply with any of the covenants, terms or conditions of this Lease Agreement. These sums shall be paid as additional rent."
The notice to cease did not list or describe any occupants living in the apartment in addition to plaintiff and her son, nor did it list or describe any persons who occupied the premises as an assignee, subtenant or temporary guest in excess of seven days.
*556 Thereafter, by letter dated June 13, 1990, plaintiff's attorney sent defendant a notice to quit advising her her lease was terminated as of June 20, 1990. The letter gave the following reason for termination:
You have violated N.J.S.A. 2A:18-53 by allowing unauthorized individuals to reside in your apartment.
This notice to quit was fatally defective in at least three respects:
1. By the express language of N.J.S.A. 2A:18-53, the removal grounds therein cannot be used as the basis for removal of residential tenants pursuant to N.J.S.A. 2A:18-61.1;
2. The notice did not list or describe the unauthorized individual residing in defendant's apartment; and
3. Even if the claim for removal was based upon violation of any of the landlord's rules and regulations (N.J.S.A. 2A:18-61.1d) or a substantial breach of the lease covenants or agreements (N.J.S.A. 2A:18-61.1e), defendant was entitled to at least a one-month notice to quit the premises. N.J.S.A. 2A:18-61.2b. The notice did not specify in detail "the cause of termination of the tenancy" as required by N.J.S.A. 2A:18-61.2, Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 124-25, 228 A.2d 674 (1967).
Plaintiff then commenced this dispossess action setting forth the following reasons for removal in its complaint:
2. The Defendant has violated the lease by allowing unauthorized individuals to occupy the apartment.
3. The Defendant has, despite notice, continued to allow these unauthorized individuals to occupy the apartment in question, in violation of her lease.
The required notices served upon defendant prior to the filing of this complaint were a hodgepodge of inconsistencies, misinformation and vagueness. They fell far short of the statutory requirements of the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 et seq. No judgment for possession may be entered unless the landlord demonstrates strict compliance with these statutory provisions. RWB Newton Associates v. Gunn, 224 N.J. Super. 704, 709, 541 A.2d 280 (App.Div. 1988). As we *557 pointed out in Gunn, four statutory preconditions must be satisfied before a dispossess action can be filed for a tenant's failure to comply with the landlord's rules and regulations or for violation of the lease covenant and agreement:
1. The tenant must violate the landlord's rules and regulations or lease provisions;
2. The landlord must give the tenant a notice to cease those violations;
3. The tenant must continue to violate the rules and regulation or lease provisions after receiving the notice to cease; and
4. The landlord must give the tenant a notice of termination one month before filing suit. Id.
After service of the complaint, defendant filed a motion to consolidate this case with an already-existing tenancy-related action previously remanded by us to the Law Division. The motion, returnable on the return date of this case, was denied. The judge ruling on the motion stated:
I don't see any community of issue factually or legally between that first matter and this second matter.
That day, this case was tried by a different judge.
We see no reason why this later action should not have been consolidated with the earlier pending action. The cases involve the same landlord, the same tenant, the same premises and a similar general issue, plaintiff's right to dispossess tenant. The interest of justice is not served by piece-meal disposition of the ultimate conflict, plaintiff's right to possession of the premises and defendant's right to remain in her apartment. R. 4:38-1(a); 6:4-1(a).
Plaintiff's trial proofs consisted of evidence that defendant's friend, William Kingston, was frequently present at her apartment, as much as four or five days per week.
The trial judge made no findings as to whether Kingston was an unauthorized occupant of the apartment in violation of the lease. Instead, he decided that plaintiff was entitled to *558 possession because of defendant's violation of paragraph 38 of the lease, a provision never previously mentioned in the Notice to Cease, the Notice to Quit, the complaint or at trial. Paragraph 38 provided:
GUEST PRIVILEGES: It is understood and agreed between LANDLORD and TENANT that the tenant may be permitted to have a guest(s) visit their household. However, an adult person(s) or children making reoccurring visits or one continuous visit of seven (7) or more days and nights in a thirty (30) day period will be considered a violation of the lease and cause for termination. [Ja6]
It was improper for the trial judge to terminate defendant's possession of the apartment for violation of a lease provision never mentioned by the landlord. Moreover, paragraph 38 cannot be a basis for judgment of possession because it is not a reasonable lease provision. Violation of a lease covenant or agreement may be the basis for removal of a residential tenant "provided that such covenant or agreement is reasonable." N.J.S.A. 2A:18-61.1. This is not a reasonable lease provision because it interferes with the covenant of quiet enjoyment set forth in paragraph 8 of the lease. Paragraph 38 bars "reoccurring visits" by adult persons or children. This would disallow such regular visitors as babysitters and visiting care providers for the elderly or disabled. The prohibition is so vague as to be clearly unenforceable. Paragraph 38 further provides that "one continuous visit of seven (7) or more days and nights in a thirty (30) day period will be considered a violation of the lease and cause for termination." Under this provision, a tenant could not have the same guest on continuous weekends, entertain a relative or friend for eight continuous days or exercise a two-week visitation or regular weekend visitation with the tenant's child pursuant to a shared custody or visitation arrangement.
Reversed and remanded to the Law Division for entry of judgment in favor of defendant.
NOTES
[1] 42 U.S.C.A. § 1437f.