926 A.2d 382 (2007)
394 N.J. Super. 270
STATE of New Jersey, Plaintiff-Appellant,
v.
Robert SILVA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 2007.
Decided June 29, 2007.
*383 Eric Mark, Assistant Prosecutor, argued the cause appellant (Wayne J. Forrest, Somerset County Prosecutor, attorney; Mr. Mark, on the brief).
Edward C. Bertucio, Jr., Eatontown, argued the cause for respondent (Hobbie, Corrigan, Bertucio & Tashjy, attorneys; Norman M. Hobbie and Mr. Bertucio, of counsel; Mr. Bertucio, on the brief).
Before Judges LEFELT, PARRILLO, and SAPP-PETERSON.
The opinion of the court was delivered by
LEFELT, P.J.A.D.
On November 6, 2006, the trial court, in a criminal prosecution, took judicial notice of another judge's factual finding, in a related domestic violence proceeding, that it was impossible for defendant Robert Silva to have committed the offense because he could not have been at the scene. We granted the State's motion to review this decision interlocutorily. The sole question we confront on this appeal is whether this was a proper use of the judicial notice evidence rule.[1] We answer the question in the negative and reverse.

I.
We first summarize the context in which we confront this question. It was alleged that after defendant's girlfriend had obtained a temporary restraining order against him for harassment, defendant left the Basking Ridge Country Club sometime *384 after 11:50 p.m., drove to the Raritan condominium he shared with his girlfriend, punched her in the face, and arrived at his daughter's Budd Lake home at around 12:50 a.m. Consequently, besides facing a potential final restraining order in the civil domestic violence proceeding,[2] defendant was also charged criminally with second-degree burglary, N.J.S.A. 2C:18-2; third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); and fourth-degree contempt for violating the temporary restraining order, N.J.S.A. 2C:29-9(b).
In the domestic violence matter, the trial court upon reconsideration denied a final restraining order, ultimately finding that it would have been "impossible" for defendant to have committed the assault alleged by the victim.[3]
The trial court in the criminal proceeding granted defendant's motion and intends, pursuant to N.J.R.E. 201(b) and (d), to take judicial notice of the domestic violence judge's specific finding "that it was impossible for defendant to have committed the alleged offenses because `it would have been impossible for the defendant to be at that point [, the Basking Ridge Country Club,] at 12:12 a.m. and fit the time frame for going to the scene and arriving at his daughter's home by 12:50 a.m.'" The judge further intends to instruct the jury, pursuant to N.J.R.E. 201(g), that "it may, but is not required to accept as established any fact which has been judicially noticed."

II.
The pertinent evidence rule dealing with judicial notice, N.J.R.E. 201, is entitled "Judicial Notice of Law and Adjudicative Facts." The particular section of that rule at issue in this case provides that "[f]acts which may be judicially noticed include . . . records of the court in which the action is pending and of any other court of this state or federal court sitting for this state." N.J.R.E. 201(b)(4).
The other sections of the rule dealing with adjudicative facts also authorize the notice of facts that are "universally known," or that are of "common notoriety" within a particular area, or are generally known and "capable of immediate determination by resort to sources whose accuracy cannot reasonably be questioned." N.J.R.E. 201(b)(1)-(3). These sections of the rule all require that to be judicially noticed the facts cannot reasonably be questioned or disputed. Ibid.
The pertinent federal rule is entitled "Judicial Notice of Adjudicative Facts," Fed.R.Evid. 201, but does not contain a specific provision permitting judicial notice of court records. The federal rule, like sections (1)-(3) of our rule, deals only with facts that are "not subject to reasonable dispute" and are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.Evid. 201(b)(1),(2).
In interpreting the federal rule, there are numerous cases finding that it is improper to take judicial notice of the truth of the contents of a document filed in a court action. E.g., Werner v. Werner, 267 F.3d 288, 295 (3d Cir.2001); Taylor v. Charter Med. Corp., 162 F.3d 827, 830 (5th Cir.1998); Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1082 (7th Cir.1997); United States v. *385 Jones, 29 F.3d 1549, 1553 (11th Cir.1994); Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992); Holloway v. A.L. Lockhart, 813 F.2d 874, 879 (8th Cir.1987); Morrissey v. Luzerne County Cmty. Coll., 117 Fed. Appx. 809, 815 (3d Cir.2004); United States v. Collier, 68 Fed. Appx. 676, 683 (6th Cir.2003). The overriding rationale for these federal decisions is that the facts found by a judge upon resolution of contested evidence cannot usually be considered beyond "reasonable dispute." Fed. R.Evid. 201(b).
In the case under appeal, the trial court believed simply that the domestic violence court's findings could be judicially noticed because "these materials constitute a part of the record of another court" and our evidence rule specifically so permits. That particular section, 201(b)(4), contains no restriction limiting its application to facts that cannot reasonably be disputed or questioned, as is present in the federal rule and sections 201(b)(1)-(3), of our rule.

III.
"Judicial notice has been defined as the cognizance of certain facts which judges and jurors may properly take and act upon without proof, because they already know them." Biunno, Current N.J. Rules of Evidence, comment 1 on N.J.R.E. 201 (2007) (citing Freeman, "A Trial Lawyer Utilizes The Concepts Of Judicial Notice and Presumptions," 95 N.J.L.J. 81 (1972)). "Rules dealing with judicial notice are `designed solely to provide a speedy and efficient means of proving matters which are not in genuine dispute.'" Ibid. (citing RWB Newton Assocs. v. Gunn, 224 N.J.Super. 704, 711, 541 A.2d 280 (App. Div.1988)).
In RWB, for example, the trial court intended to take judicial notice of the content of certifications filed in another case solely because they were included in the court record and without regard to the fact that the certifications were hearsay. Id. at 710, 541 A.2d 280. As we explained in that case, "[a] court may take judicial notice that a certification has been filed. In addition, a court can take notice of what is alleged in a certification, if the fact that the allegation has been made is itself relevant." Id. at 710-11, 541 A.2d 280. But, "a court may not take judicial notice of the contents of a certification for the purpose of determining the truth of what it asserts simply because the certification has been filed with a court and thus is part of a court record." Id. at 711, 541 A.2d 280.
The purpose of judicial notice is to save time and promote judicial economy by precluding the necessity of proving facts that cannot seriously be disputed and are either generally or universally known. RWB, supra, 224 N.J.Super. at 711, 541 A.2d 280 (citing 9 Wigmore Evidence § 2565-67 (Chadbourn rev.1981)). Judicial notice cannot be used "to circumvent the rule against hearsay and thereby deprive a party of the right of cross-examination on a contested material issue of fact." Ibid. (citing People v. Rubio, 71 Cal.App.3d 757, 139 Cal.Rptr. 750, 755-56 (1977)). Because judicial notice may not be used to deprive a party of cross-examination regarding a contested fact, the doctrine also cannot be used to take notice of the ultimate legal issue in dispute. A & B Auto Stores of Jones St., Inc. v. City of Newark, 103 N.J.Super. 559, 567, 248 A.2d 258 (Law Div.1968).
We do not find support in the cases, even those cited by defendant, for taking judicial notice of the truth of facts that are reasonably disputed, not generally or universally known, or not easily verifiable. In short, the cases support the proposition that facts that can be reasonably questioned or disputed may not be judicially *386 noticed. In Diamond Shamrock Chems. Co. v. Aetna Cas. & Sur. Co., 258 N.J.Super. 167, 223, 609 A.2d 440 (App.Div.1992), for example, we criticized the trial court for judicially noticing and thereby uncritically accepting affidavits and other documentary submissions that were produced in unrelated federal litigation. In Laffey v. City of Jersey City, 289 N.J.Super. 292, 307-08, 673 A.2d 838 (App.Div.1996), we criticized a workers' compensation judge for relying on testimony from other cases. In In re Vineland Chem. Co., 243 N.J.Super. 285, 317 n. 5, 579 A.2d 343 (App.Div. 1990), certif. denied, 127 N.J. 323, 604 A.2d 598 (1992), we did take judicial notice of a federal court opinion in similar litigation involving the same defendant, but we did so only for the "sake of completeness of the picture in the event of further review of this case. We add[ed] that the adjudication in the federal proceeding had no bearing or influence on our decision in this case." Ibid. In State v. Marshall, 123 N.J. 1, 207, 586 A.2d 85 (1991), again "[t]o ensure completeness of the record," the Supreme Court "granted defendant's motion that it take judicial notice of portions of briefs filed in other New Jersey capital appeals." Ibid. The Court noted further, however, that "[t]he arguments advanced in each of the briefs have been addressed in the course of the Court's opinion."
As support for the trial court's decision in this case, defendant relies on State v. Sutton, 80 N.J. 110, 402 A.2d 230 (1979); In re Scioscia, 216 N.J.Super. 644, 524 A.2d 855 (App.Div.), certif. denied, 107 N.J. 652, 527 A.2d 471 (1987); and LoBiondo v. Schwartz, 323 N.J.Super. 391, 733 A.2d 516 (App.Div.), certif. denied, 162 N.J. 488, 744 A.2d 1211 (1999).
In Sutton, supra, 80 N.J. at 121, 402 A.2d 230, the Supreme Court noted that a trial court was well within its "discretion in sua sponte taking judicial notice of the facts involved in other PTI cases that had been brought before [the trial court] for approval." The Supreme Court did not focus on the concerns raised by the State in the instant appeal. Instead, the Supreme Court was motivated by its perception that the defendant was "being unfairly deprived of his rights." Ibid. The Court emphasized that it had "long held that judicial intervention in the course of a court proceeding is permissible where such intervention is necessary to preserve the integrity of that hearing." Ibid.; see also State v. Poinsett, 206 N.J.Super. 307, 313 n. 1, 502 A.2d 578 (Law Div.1984).
In Scioscia, supra, 216 N.J.Super. at 654, 524 A.2d 855, we approved of an administrative law judge and the Board of Public Utilities taking judicial notice of our prior decision that found "appellants were participants in a' . . . conspiracy to eradicate competition in the garbage industry." This decision along with an indictment and judgments of conviction were utilized as evidence to support the agency's determination that appellants agreed with others to "endeavor to eliminate [solid waste business] competition," in violation of N.J.A.C. 14:3-10.12, and monopolized or attempted to monopolize or conspired with other to monopolize the solid waste business in violation of N.J.S.A. 48:13A-10a.
The issue we were dealing with in Scioscia was whether there was sufficient evidence supporting the agency's conclusion that appellants violated N.J.S.A. 48:13A-10a and N.J.A.C. 14:3-10.12. We did not directly confront the issues raised by the instant interlocutory appeal. Moreover, the judicial notice evidence rule, under the section entitled "Notice of law," authorizes taking judicial notice of the "decisional, constitutional and public statutory law, rules of court, and private legislative acts and resolutions of the United States, this *387 state, and every other state . . ." N.J.R.E. 201(a) (emphasis added).
In LoBiondo, supra, 323 N.J.Super. at 403, 733 A.2d 516, we took judicial notice that a Law Division judge had on a specific date reversed a local board's action. Although we quoted the judge's oral decision in our opinion, we commented that the "recitation thus far has told the undisputed story of plaintiffs' actions." Id. at 404, 733 A.2d 516.

IV.
In our view, a distinction must be drawn between taking judicial notice that a judge decided a case in particular way or made a particular finding in favor of one of the parties and taking judicial notice that the judge's findings of fact must necessarily be true. Sosinsky v. Grant, 6 Cal. App.4th 1548, 8 Cal.Rptr.2d 552, 562 (1992). Or stated slightly differently, there is a significant distinction between noticing that a judge ruled in favor of one of the parties and noticing that that party's testimony must have been truthful. Ibid.
Here, the domestic violence judge's findings were based upon evidence that was vigorously contested in that proceeding at that time. Even though the findings may not be reversed on appeal, there is no guarantee that they are in fact true. It also is obvious that the findings cannot be immediately verified through any source whose accuracy cannot reasonably be questioned. Furthermore, the fact findings deal with one of the ultimate questions confronting the criminal jury, whether defendant committed the assault in question.
Consequently, we conclude that the specific findings of the domestic violence judge in this appeal are not a proper subject for judicial notice, and we reverse the second paragraph of the trial court's November 6, 2006 order.
Reversed.
NOTES
[1] We do not analyze this issue pursuant to any other potentially related legal doctrine such as stare decisis, res judicata, collateral estoppel, or the hearsay exception dealing with public records or findings. N.J.R.E. 803(c)(8).
[2] The harassment charge was dismissed and plaintiff sought a final restraining order against defendant solely based upon the alleged assault.
[3] Defendant's girlfriend appealed from the reconsideration in a separate appeal, and we have affirmed in an unpublished decision.