**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1337-23

J. ALLEN NIMMO
APARTMENTS,

    Plaintiff-Respondent,

v.

ASHLEY MARTINEZ,

    Defendant-Appellant.

_____

Submitted November 14, 2024 – Decided November 21, 2024

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Camden County, Law Division, Docket No. LT-005455-23.

South Jersey Legal Services, Inc., attorneys for appellant (Sandra Passaro and Kenneth M. Goldman, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant eviction action, defendant-tenant Ashley Martinez appeals from a November 30, 2023 judgment for possession entered in favor of plaintiff-landlord J. Allen Nimmo Apartments after a bench trial. For the reasons that follow, we reverse and remand to the trial court to vacate the November 30, 2023 judgment for possession. As a result, our February 8, 2024 stay order is dismissed as moot.

We recite the facts from the tenancy trial. Defendant has lived with her three children in plaintiff's federally subsidized apartment complex in Camden since October 15, 2021.

On July 10, 2023, plaintiff's representative, Biagio Caruso, accompanied by a court officer, sought to lock defendant out of her apartment for non-payment of rent pursuant to a prior judgment for possession. Defendant told Caruso and the court officer she paid the rent five days earlier and had a receipt proving her payment. Despite this representation, the court officer removed defendant from her apartment. However, he explained defendant could regain the key to her apartment upon delivering a money order payment of $600 to plaintiff's leasing office.

When defendant arrived at the leasing office with the $600 money order, plaintiff's senior manager stated the payment would not be accepted because the

money order did not satisfy the full rent amount owed. Defendant got "upset" and "loud," and plaintiff's staff asked her to leave. Later, defendant returned to the leasing office with the additional rent payment only to discover the office was locked. With the assistance of the local police, defendant paid the outstanding rent to plaintiff.

Despite tendering the full amount of rent owed to plaintiff, on July 12, 2023, defendant received a notice to quit (Notice). The Notice stated defendant's lease would terminate in thirty days and required defendant to move out of the apartment no later than August 11, 2023, or face eviction. The Notice cited N.J.S.A. 2A:18-61.1(e) as the grounds for eviction.

Subsection (e) permits the removal of a tenant for "violation of lease covenants." Specifically, plaintiff claimed defendant violated the lease agreement by "threatening the health, safety, or right to peaceful enjoyment by property management staff; interfer[ing] with the management of the [apartment complex]; and fail[ing] to timely supply all required information on the income and composition or eligibility factors of the tenant household."

Because defendant did not vacate her apartment as demanded in the Notice, plaintiff filed an eviction action on August 29, 2023. Plaintiff's eviction

3

complaint cited "violation of lease covenants N.J.S.A. 2A:18-61.1(e)" as the basis for requesting a judgment for possession.

The judge conducted a landlord-tenant trial on November 30, 2023. Both parties were represented by counsel. When the judge asked plaintiff's counsel to state the bases for the eviction, counsel responded with assault and terroristic threats. However, plaintiff never alleged these grounds in its eviction complaint.

Defendant's attorney replied that plaintiff's eviction action cited violation of the lease agreement, not assaultive or terroristic behavior. Defense counsel argued the trial court lacked jurisdiction because plaintiff failed to strictly comply with the requirements of the Anti-Eviction Act (Act), N.J.S.A. 2A:18-61.1 to -61.12. As defendant's attorney explained, "a lease violation eviction requires a notice to cease, and there was no notice to cease" served by plaintiff.

Recognizing the possible procedural misstep, plaintiff's counsel contended N.J.S.A. 2A:18-61.1(p) applied and no notice to cease was required for an eviction based on assault and terroristic threats. Plaintiff's attorney relied on a copy of the police report attached to the Notice to argue defendant knew the eviction was premised on her alleged assaultive and terroristic conduct toward plaintiff's staff.

A-1337-23

Defense counsel reiterated a notice to cease was required for an eviction based on a lease violation and plaintiff's complaint asserted defendant's "violation of lease covenants," specifically citing subsection (e). Further, defendant's attorney argued subsection (p) was never mentioned in plaintiff's eviction complaint or the Notice. He contended proceeding with the tenancy trial on a wholly newly ground for eviction would violate defendant's due process rights.

Defendant's attorney therefore made an application to dismiss plaintiff's complaint. The judge denied the motion, stating the "paramount" concern was "assaultive behavior." The judge acknowledged defendant made a "good argument," but he was "not satisfied" dismissal was appropriate.

The judge then proceeded with the trial. The judge heard testimony from plaintiff's witnesses and admitted documents marked as evidence.

At the conclusion of plaintiff's case, defendant again moved to dismiss the complaint. Defense counsel proffered a waiver defense because plaintiff entered into a new lease and accepted rent from defendant after service of the Notice. Defendant's attorney argued plaintiff's conduct in executing a new lease and accepting rent was inconsistent with an intention to evict defendant. Defense counsel also renewed her contention that, because plaintiff failed to serve a

A-1337-23

notice to cease under N.J.S.A. 2A:18-61.1(e), and subsection (e) was the only statutory ground for eviction alleged in plaintiff's complaint, the judge was required to dismiss the complaint. The judge again denied defendant's motion for the same reasons stated on the record earlier. The judge also rejected defendant's waiver argument, stating plaintiff was required to accept rent payments under federal regulations governing Section 8 housing and was permitted to accept rent while defendant remained in her apartment.

After the judge denied the renewed motion to dismiss the complaint, defendant testified. At the conclusion of the trial, the judge was "satisfied the Notice was appropriate." He explained "the reason primarily that the matter [went] forward [was] because" of the July 10, 2023 incident in plaintiff's leasing office. He also found plaintiff's manager's testimony "credible and worthy of belief" regarding defendant's assaultive and threating conduct in the leasing office on July 10, 2023.

Regarding the statutory basis for eviction under the Act, the judge determined plaintiff sought to evict defendant under N.J.S.A. 2:18-61.1(p). He found plaintiff demonstrated "by a preponderance of the evidence that [an] assaultive threat did take place, and [was] . . . considered a terroristic threat, [which was] sufficient grounds for an eviction." The judge entered a November

30, 2023 order granting a judgment for possession in favor of plaintiff. In the order, the judge wrote: "[plaintiff] ha[d] proven a cause of action for possession . . . that terroristic threats were made by [defendant] upon [plaintiff's] staff." The same day, the judge entered an order denying defendant's motion to dismiss the complaint.

Defendant filed her appeal on January 4, 2024.[1] In a January 10, 2024 order, the judge denied defendant's application for a stay of the warrant of removal pending appeal. In a February 8, 2024 order, we granted a stay conditioned upon defendant's compliance with the lease.

On appeal, defendant argues the judge lacked jurisdiction to proceed with the trial because plaintiff's complaint failed to strictly comply with the Act's express statutory requirements governing eviction actions. Defendant further asserts the judge's sua sponte amending of plaintiff's eviction action on the day of trial, and altering the grounds for eviction from a cause of action based on the breach of the lease agreement under N.J.S.A. 2A:18-61.1(e)(1) to a cause of action based on terroristic threats under N.J.S.A. 2A:18-61.1(p), violated her right to due process. We agree.

---

[1] Plaintiff submitted a February 15, 2024 letter stating it was not participating on appeal.

When issues on appeal present mixed questions of law and fact, we defer to the trial judge's supported factual findings, but review de novo the trial judge's application of those facts to the law. Sullivan v. Port Auth. of N.Y. & N.J., 449 N.J. Super. 276, 283 (App. Div. 2017). Additionally, we review a judicial determination in an eviction action for abuse of discretion. See Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 236 (1998).

Defendant argues the judge lacked jurisdiction to issue a judgment for possession because plaintiff failed to comply with the Act's requirements. Defendant asserts plaintiff failed to provide a notice to cease with an opportunity to cure as required under N.J.S.A. 2A:18-61.1(e). Defendant emphasizes subsection (e) was the only statutory provision cited in plaintiff's eviction complaint.

"[I]t is well recognized that '[t]he [Act] was designed to protect residential tenants against unfair and arbitrary evictions by limiting the bases for their removal.'" Maglies v. Estate of Guy, 193 N.J. 108, 121 (2007) (second alteration in original) (quoting 447 Assocs. v. Miranda, 115 N.J. 522, 528 (1989)). The Act reflects a "strong public policy of protecting tenants from improper evictions by requiring landlords to establish 'good cause' before the court may assert jurisdiction to remove a tenant." Harris, 155 N.J. at 239-40. "[T]he Act

was designed to limit the eviction of tenants to 'reasonable grounds' and to provide for 'suitable notice' of tenants in the event of an eviction proceeding." 447 Assocs., 115 N.J. at 527 (citing A.P. Dev. Corp. v. Band, 113 N.J. 485, 492 (1988)). The Act sets forth specific grounds for eviction and identifies the notice requirements to be given to a tenant under each ground. N.J.S.A. 2A:18-61.1, -61.2.

Under N.J.S.A. 2A:18-61.1(e), a landlord may establish reasonable cause for eviction if the landlord demonstrates the tenant "has continued, after written notice to cease, to substantially violate or breach any of the covenants or agreements contained in the lease . . . provided that such covenant or agreement is reasonable and was contained in the lease at the beginning of the lease term." To proceed with eviction under subsection (e), the landlord must first "provide a written [n]otice to [c]ease to the tenant regarding his or her substantial violation of the lease." Kuzuri Kijiji, Inc. v. Bryan, 371 N.J. Super. 263, 270 (App. Div. 2004). The following four "statutory preconditions must be satisfied" before a landlord can file an eviction action under subsection (e):

> 1. The tenant must violate the landlord's rules and regulations or lease provisions;
>
> 2. The landlord must give the tenant a notice to cease those violations;

3. The tenant must continue to violate the rules and regulation or lease provisions after receiving the notice to cease; and

4. The landlord must give the tenant a notice of termination one month before filing suit.

[Ashley Court Enters. v. Whittaker, 249 N.J. Super. 552, 557 (App. Div. 1991) (citing RWB Newton Assocs. v. Gunn, 224 N.J. Super. 704, 709 (App. Div. 1988)).]

Absent "a showing that one of the statutory grounds for eviction exists," the trial court lacks jurisdiction to enter a judgment for possession. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 281 (1994). A "judgment for possession may [not] be entered unless the landlord demonstrates strict compliance with these statutory provisions." Ashley Court Enters., 249 N.J. Super. at 556 (citing RWB Newton Assocs., 224 N.J. Super. at 709). "Strict compliance with the [Act], including all notice provisions, traditionally has been a jurisdictional prerequisite for a dispossession action." Vander Sterre Bros. Constr. v. Keating, 284 N.J. Super. 433, 445 (App. Div. 1995).

Here, plaintiff sought to evict defendant for "violation of lease covenants subsection (e)," and served a notice to quit on July 12, 2023. Plaintiff did not dispute it never sent defendant a notice to cease and an opportunity to cure as required under N.J.S.A. 2A:18-61.1(e). An action alleging a tenant's violation

of subsection (e) requires the landlord serve a notice to cease and allow a tenant an opportunity to cure prior to seeking a judgment for possession. Plaintiff's failure to comport with the notice requirements under the Act divested the trial court of jurisdiction to issue the judgment for possession. See Hous. Auth. of Newark v. Raindrop, 287 N.J. Super. 222, 226 (App. Div. 1996) (holding the absence of a written demand and written notice for delivery of possession in accordance with the Act divests the trial court of jurisdiction).

Defense counsel informed the judge that defendant was not prepared to proceed with the trial under N.J.S.A. 2A:18-61.1(p) because plaintiff's complaint alleged only a violation of the lease under N.J.S.A. 2A:18-61.1(e). Defendant's attorney asserted defendant needed time to prepare a defense to the newly asserted ground for eviction before she could proceed with the trial.

While not essential to our disposition of this matter, when the judge sua sponte allowed plaintiff to amend its eviction complaint on the day of trial, asserting a wholly new basis for evicting defendant, it would have been appropriate to adjourn the trial for a reasonable period of time to accord due process to defendant.

It is well-recognized that a landlord must "specify 'in detail' the cause of the termination of the tenancy," requiring a landlord to "name in a specific or

explicit manner" the grounds for eviction.  Raindrop, 287 N.J. Super. at 227 (citing Carteret Prop. v. Donuts, Inc., 49 N.J. 116, 124 (1967)).  Such specificity in an eviction action is required "to allow tenants an adequate opportunity to prepare a defense before trial" and satisfy a tenant's "right to know as much as possible about any eviction proceeding brought against him or her."  Aspep Corp. v. Giuca, 269 N.J. Super. 98, 103 (Law Div. 1993).  These requirements were not diligently applied in this matter.

For these reasons, we are constrained to reverse and remand to the trial court to vacate the November 30, 2023 judgment for possession.  Thus, our order staying the warrant of removal pending appeal is moot.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1337-23