**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0191-24

IN THE MATTER OF
THE ESTATE OF
VICTORIA B. HOPECK, deceased.

_____

PEYTON HOPECK and
REAGAN HOPECK,

 Plaintiffs-Respondents,

v.

EDWARD HOPECK, JR. and
ANDREW HOPECK,

 Defendants-Appellants.

_____

Submitted September 23, 2025 – Decided October 9, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. P-260602-22.

Vincent R. Kramer, Jr., attorney for appellants.

Oleske & Olesk, LLP, attorneys for respondents (Kristin Duesel Oleske, on the brief).

PER CURIAM

Defendants, Edward Hopeck, Jr. and Andrew Hopeck, appeal from the Chancery Division's August 8, 2024 Final Order requiring them to personally pay lost rental income and plaintiffs', Regan Hopeck and Peyton Hopeck, attorney's fees. We vacate and remand.

I.

Victoria B. Hopeck ("decedent") died on March 8, 2018. Her Last Will and Testament designated three beneficiaries: Edward, Andrew, and John Hopeck.[1] Because John predeceased decedent, the Will granted his share to plaintiffs, his children, via a trust, since they were under the age of twenty-one. Edward served as executor of the estate. Decedent nominated Andrew as trustee, but he never qualified.

Beginning in January 2019, plaintiffs repeatedly requested an estate accounting. Defendants failed to provide sufficient information, prompting plaintiffs to file an order to show cause and verified complaint in August 2022.

---

[1] Because all parties share a common surname, when individually referenced they are referred to by their first name. No disrespect is intended.

A-0191-24

After defendants answered, the probate court appointed Edward Testino, Esq., to serve as an independent estate administrator.

When the court discovered that defendants took distributions ($32,000 to Edward and $89,662.89 to Andrew) without providing equal shares to plaintiffs, the court ordered defendants to return these funds, froze further disbursements, and required a complete accounting and documentation of estate assets and dealings.

Defendants again failed to comply, so the court imposed a sanction of $500 per day if defendants continued to not comply. Defendants did not comply, resulting in another order requiring defendants to produce outstanding documentation and referring the matter to mediation. The court continued to impose sanctions of $500 per day on the defendants.

Through mediation, the parties reached a partial settlement wherein defendants gave the three concessions: (1) Edward waived his executor commission; (2) Andrew agreed to forego recoupment for work done and materials purchased in furtherance of renovating Decedent's property; and (3) defendants, jointly and personally, assumed responsibility for paying court-appointed-executor Testino. As part of the settlement, plaintiffs retained the right to seek the following:

3

a. Plaintiffs' claim that Defendants acts and/or omissions result in the forfeiture of their interest in the Estate of Victoria B. Hopeck, deceased;

b. Plaintiffs' claim that Defendants are personally responsible to pay any and all attorney fees incurred by Plaintiffs in connection with this matter, by trial or motion;

c. Plaintiffs' claim that Defendants are personally responsible to pay any and all of their own attorney fees paid to Vincent R. Kramer, Jr., Esq., or other counsel or expenses they incurred in connection with this matter;

d. Plaintiffs' claim for enforcement of the $500/day Court Ordered sanctions issued by the Honorable Roger Daley on May 1, 2023, and continuing;

e. Plaintiffs' claim for punitive damages against Defendants.

Plaintiff then filed a motion regarding these outstanding issues. After oral argument, the court ordered defendants to: (1) jointly and severally, pay plaintiffs $25,000 in rental fees; (2) personally pay plaintiffs' attorney's fees; (3) personally pay both the court-appointed-executor and their own attorney; (4) be relieved of having to pay previously imposed sanctions; and (5) receive no distribution from the estate until their obligations were satisfied.[2]

---

[2] Defendants have not appealed the portion of the order requiring them to pay both the court-appointed-executor and their own attorney personally and not to receive a distribution from the estate until their obligations are satisfied.

A-0191-24

This appeal follows.

## II.

On appeal, defendants argue that the court erred in ordering them to pay plaintiffs' attorney fees from personal funds. They also contend that plaintiffs' fee application was procedurally defective and granted without appropriate consideration.

A court's determination as to the applicability, or interpretation, of court rules are reviewed de novo. State v. Dickerson, 232 N.J. 2, 17 (2018). An award of attorney's fees should be set aside "on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995). However, our intervention is warranted where an award of fees is based on irrelevant or inappropriate factors and/or amounts to clear error. Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

New Jersey courts "have traditionally adhered to the American Rule as the principle that governs the allocation of attorney's fees." Occhifinto v. Olivo Constr. Co., 221 N.J. 443, 449 (2015) (quoting Walker v. Giuffre, 209 N.J. 124,

Plaintiffs have not cross-appealed the order relieving defendants of having to pay previously imposed sanctions.

A-0191-24

127 (2012)).  The American Rule requires that litigants bear the cost of their own legal representation.  Boyle v. Huff, 257 N.J. 468, 479 n.1 (2024).  Thus, the American Rule "prohibits recovery of [attorney's] fees by the prevailing party against the losing party."  In re Estate of Folcher, 224 N.J. 496, 507 (2016) (quoting In re Niles Trust, 176 N.J. 282, 294 (2003)).

Notwithstanding "New Jersey's strong public policy against shifting [attorney's] fees," fees may be awarded in certain circumstances.  Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016); see also R. 4:42- 9(a)(1)-(8).  Rule 4:42-9(a)(3) permits fee shifting, in a limited capacity, in probate actions.  However, per Rule 4:42-9(a)(3), ". . . if probate is granted, and it shall appear that the contestant had reasonable cause for contesting the validity of the will or codicil, the court may make an allowance to the proponent and the contestant, to be paid out of the estate."  (Emphasis added).

The court may award attorney's fees under Rule 4:42-9(a)(3) to a party with an interest in a decedent's estate, but only if an attorney breached a fiduciary duty.  In re Estate of Vayda, 184 N.J. 115, 122-24 (2005) ("[T]he fact that a person owes another a fiduciary duty, in and of itself, does not justify an award of fees unless the wrongful conduct arose out of an attorney-client relationship.")  In Vayda, the court determined that the estate is the proper source for recovery of attorney fees.  Ibid. at 124.  Later, our Supreme Court

6

limited the "American Rule" and confined fee shifting to instances where an executor, or trustee, commits the tort of undue influence. <u>Niles Trust</u>, 176 N.J. at 298-300.

Mindful of these requirements, and despite the court's determination that defendants' actions were atrocious, there is no authority that supports a court order requiring defendants to pay plaintiffs' attorney fees from personal funds. Therefore, we are constrained to vacate the court's order and remand. On remand, if the court finds attorney's fees should be paid out of estate, the court must also assess the amount.

In granting an award of attorney's fees, "[t]he court's first step . . . is determining the lodestar, which equals the number of hours reasonably expended multiplied by a reasonable hourly rate." <u>Jacobs v. Mark Lindsay & Son Plumbing & Heating, Inc.</u>, 458 N.J. Super. 194, 209 (App. Div. 2019) (quoting <u>Furst v. Einstein Moomjy, Inc.</u>, 182 N.J. 1, 21 (2004)).

> There are four considerations in setting the lodestar. The first is the reasonableness of the attorney's fee, evaluated under the factors set forth in RPC 1.5(a). Second, the court considers the reasonableness of the time billed by the attorney, since a party is not entitled to [attorney's] fees for excessive and unnecessary hours. Third, the court determines whether the award should be decreased because the plaintiff "achieved limited success in relation to the relief he [or she] had sought." Fourth, the court must decide whether the

attorney is entitled to a fee enhancement if the attorney worked under a contingency agreement.

[Heyert v. Taddese, 431 N.J. Super. 388, 443-44 (App. Div. 2013) (footnote omitted) (citations omitted) (first citing Furst, 182 N.J. at 21-22; then quoting Furst, 182 N.J. at 23).]

In considering the reasonableness of the proposed attorney's fees, "the court evaluates the 'rate of the prevailing attorney in comparison to rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the community.'" Jacobs, 458 N.J. Super. at 210 (quoting Furst, 182 N.J. at 22).

As for the reasonableness of the time billed, the court must consider "whether the time expended in pursuit of the 'interests to be vindicated,' the 'underlying statutory objectives,' and recoverable damages is equivalent to the time 'competent counsel reasonably would have expended to achieve a comparable result.'" Ibid. (quoting Furst, 182 N.J. at 22). If, "after having . . . established the amount of the lodestar fee," Rendine, 141 N.J. at 337, the court determines that a fee enhancement is warranted, "'the court should consider the result achieved, the risks involved, and the relative likelihood of success in the undertaking' to determine the amount of [the] enhancement." Jacobs, 458 N.J. Super. at 210 (quoting Furst, 182 N.J. at 23).

If the court decides the fees should be paid out of estate, plaintiff's attorney shall comply with <u>Rule</u> 4:42-9(b), which states that "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by <u>R.P.C.</u> 1.5(a)." <u>Twp. of W. Orange v. 769 Assocs., LLC</u>, 198 N.J. 529, 542 (2009). Additionally, "[i]n order to perform our review, we must be provided with adequate reasons for the trial judge's determinations." <u>Gormley v. Gormley</u>, 462 N.J. Super. 433, 449 (App. Div. 2019); <u>See also</u> <u>R.</u> 1:7- 4(a) (requiring courts to "find the facts and state . . . conclusions of law thereon," either orally or in writing, "on every motion decided by a written order that is appealable as of right").

### III.

Defendants next contests the award of imputed rent, arguing it has no basis in the evidentiary record. The court stated that "[defendants] took full advantage of living in this residence for it looks like close to four or five years. So[,] I think the [c]ourt is going to require them to pay $25,000 in rent."

A review of a trial court's fact-finding in a non-jury case is limited and should not be disturbed unless "manifestly unsupported by or inconsistent with the competent, relevant, and reasonable credible evidence as to offend the interests of justice." <u>Seidman v. Clifton Sav. Bank, S.L.A.</u>, 205 N.J. 150, 169

(2011). Where evidence is largely testimonial, deference to the fact-finder, who has a better perspective than the reviewing court, is appropriate. Cesare v. Cesare, 154 N.J. 394, 412 (1998); Pascale v. Pascale, 113 N.J. 20, 33 (1988). Nevertheless, in limited situations, where findings are unsupported by the record, this court may disturb the factual findings of the trial court. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974).

Though plaintiffs asserted that defendants were occupying the property, defendants contend there were disputed facts on whether they lived at decedent's residence. They emphasize that: (1) Andrew owned a residence where he resided during administration of the estate; and (2) Edward, a resident of South Carolina, only stayed at the property intermittently while in New Jersey for estate administration purposes. Moreover, defendants argue the court's ruling did not take into account the delay in the sale of the house caused by improvements made during Covid, the increase in price from the improvements, and that Andrew agreed to forego recoupment for work done and materials purchased for such improvements. We agree with defendants that the information provided to the court was inadequate to resolve the facts in dispute and to justify the court's rulings without a plenary hearing. See Llewelyn v. Shewchuk, 440 N.J. Super 207, 217 (App. Div. 2015) (A plenary hearing is

A-0191-24

necessary "when the submissions show there is a genuine and substantial factual dispute[,] which the trial court must resolve.")

Finally, defendants contest how the amount of rent owed should be ascertained. Although N.J.R.E. 201 permits judicial notice, its purpose is to provide efficient resolution of matters not in genuine dispute. Rwb Newton Assocs. v. Gunn, 224 N.J. Super. 704, 711 (App. Div. 1988). Explicitly, judicial notice may not be utilized to circumvent rules against hearsay. Ibid. Nor can judicial notice be used where facts may be reasonably questioned or disputed. State v. Silva, 394 N.J. Super. 270, 275 (App. Div. 2007). Instead, N.J.R.E. 201(b) confines facts which a trial judge may take judicial notice of:

> (1) such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute; (2) such facts as are so generally known or are of such common notoriety within the area pertinent to the event that they cannot reasonably be the subject of dispute; (3) specific facts and propositions of generalized knowledge which are capable of immediate determination by resort to sources whose accuracy cannot reasonably be questioned; and (4) records of the court in which the action is pending and of any other court of this state or federal court sitting for this state.
>
> [N.J.R.E. 201(b) (1-4).]

The rental value of the decedent's property is not a fact which the court was permitted to take judicial notice of without specific facts, propositions, or

records.  While we recognize the court's desire to craft a fair and equitable result based on the totality of the circumstances as it was presented, the determination of $25,000 for rent was not supported by adequate, substantial, and credible evidence in the record.  Rova Farms Resorts, 65 N.J. at 484.

Therefore, the issue of whether defendants should pay rent to the estate and if so, how much, must be remanded for a plenary hearing.  If plaintiff can show evidence that defendants were living at the residence and also delayed its sale, the court may order defendants to pay lost rental fees.  If rents are found to be required, the court, based on credible evidence, shall determine the amount of rent lost.

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0191-24