NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5512-11T4


ESTATE OF MYROSLAVA KOTSOVSKA,
by OLENA KOTSOVSKA, Administrator,

    Plaintiff-Respondent,

v.

SAUL LIEBMAN,

    Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| December 26, 2013 |
| APPELLATE DIVISION |

Argued March 20, 2013 - Decided December 26, 2013

Before Judges Grall, Simonelli and Accurso.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket
No. L-4258-09.

Robert F. Cox argued the cause for appellant
(McCreedy and Cox, attorneys; Mr. Cox, on
the briefs).

George E. Spaneas of the New Hampshire bar,
admitted pro hac vice, argued the cause for
respondent (Smith, Stratton, Wise, Heher &
Brennan, LLP, and Mr. Spaneas, attorneys;
Gerald D. Wixted, and Mr. Spaneas, of
counsel and on the briefs).

    The opinion of the court was delivered by

ACCURSO, J.A.D.

Defendant Saul Liebman appeals from a $565,806.37 final judgment in this wrongful death action, following a jury verdict in favor of plaintiff Estate of Myroslava Kotsovska (the estate), and from the denial of his motion for a new trial. Liebman contends that decedent was his employee, and thus the Workers' Compensation Act's (the Act) exclusivity bar, N.J.S.A. 34:15-8, prohibits her estate from maintaining this action. The central issue on appeal is whether the question of the decedent's status as an employee or independent contractor, which the jury determined adversely to Liebman, should have been decided in the Division of Workers' Compensation (the Division).

We conclude that the Division was the proper forum for resolution of that issue pursuant to Kristiansen v. Morgan, 153 N.J. 298 (1998), modified on other grounds, 158 N.J. 681 (1999). Because the Superior Court has concurrent jurisdiction to decide whether the decedent was an employee or independent contractor, however, that error would not alone require the course of this matter to be rerun. But as we also conclude that the jury instructions on the issue were seriously flawed, reversal and remand is required. Because we reject Liebman's remaining points of error, however, we affirm the jury's damages verdict and preserve it pending remand to the Division to determine decedent's employment status.

The basic facts of this tragic case are easily summarized. In September 2008, Liebman, then eighty-one years old, was living alone following the recent death of his wife. His daughter, Robin Ross, was making inquiries among her friends for someone who could move into her father's home, cook his meals and assist him in his daily activities. Decedent, a 59-year-old Ukrainian citizen on an extended visit with her daughter in New Hampshire, was referred to Ross for the role.[1]

Ross initially communicated with decedent, who spoke almost no English, through decedent's daughter. Decedent agreed to come to New Jersey to meet Ross and her father and, if the arrangements were suitable, to begin work immediately.

Decedent met with Ross and Liebman in Liebman's home, accompanied by her son-in-law who served as a translator. The parties agreed that decedent would move into Liebman's home and work seven days a week for one hundred dollars a day, which she would receive in cash. Decedent was responsible for preparing three meals a day, doing the laundry, performing light housekeeping, accompanying Liebman on errands, and assisting him with whatever tasks he required. Liebman walked with a cane and occasionally needed assistance on stairs or getting in or out of

---

[1] Decedent had apparently provided similar services to a New Jersey family on an earlier visit.

the car.  Decedent was to also accompany Liebman if he chose to go out to eat, at his request.

The parties did not discuss whether decedent's visa authorized her to work in this country, which it did not, or whether decedent was to be Liebman's employee or considered an independent contractor.  There was also no discussion as to the duration of the arrangement, although the parties did discuss the decedent returning to her daughter's home for the Christmas holiday.  Decedent's son-in-law advised Ross that decedent was without health insurance, and that he and his wife would pay her medical bills if she got sick.

The parties met on October 21, 2008, and decedent began her duties immediately thereafter.  On December 8, 2008, Liebman and decedent were running errands and stopped at the Millburn Diner for lunch.  Decedent got out of the car and stood on the sidewalk while Liebman pulled into the parking space in front of her.  As decedent stood on the sidewalk in front of a low patio wall, Liebman suddenly accelerated, driving the car over the parking block and onto the sidewalk.  Liebman crashed the car into decedent, pinning her against the low wall.  The accident severed decedent's left leg below the knee, resulting in her death nearly an hour later.

The estate filed a wrongful death action against Liebman in Superior Court. Liebman answered and asserted an affirmative defense of lack of subject matter jurisdiction, contending that exclusive jurisdiction was in the Division. Liebman subsequently filed a motion to dismiss on the same grounds. The court denied the motion and advised the parties that it would entertain a motion for summary judgment after the completion of discovery. If after hearing that motion the court concluded that decedent was an employee, the matter would be transferred to the Division.

Following discovery, Liebman filed a motion before another judge to transfer the case to the Division. That judge denied the motion because there was no claim pending in the Division and the limitations period for filing a workers' compensation petition had expired. Liebman's motion for reconsideration was denied. Liebman moved again for reconsideration, this time attaching a certification from his homeowner's insurance carrier acknowledging the existence of workers' compensation coverage and notice of the claim. The carrier conceded that the accident arose out of the course of decedent's employment and agreed not to raise a limitations defense to transfer of the claim. The court again denied the motion. We denied Liebman's motion for

leave to appeal. Liebman's subsequent motion for summary judgment was also denied.

The case was tried over several days. The jury determined that decedent was an independent contractor and awarded the estate $300,000 for decedent's pain and suffering and $225,000 for her wrongful death. Liebman's motion for new trial was denied. This appeal followed.

We conclude that this matter should have been transferred to the Division for determination of decedent's employment status. The Court in Kristiansen held that, although the Superior Court and the Division have concurrent jurisdiction to decide an exclusivity defense, primary jurisdiction is in the Division where, as here, "no issue has been raised that the Division cannot decide in a manner that is binding on all the interested parties." Kristiansen, supra, 153 N.J. at 311.

The trial court rejected that Kristiansen controlled because both it and Wunschel v. City of Jersey City, 96 N.J. 651 (1984), on which Kristiansen relied, involved situations, unlike this one, in which there was no dispute that the deceased worker was an employee covered by the Act. It noted the Kristiansen Court emphasized that the Legislature did not intend workers who had accepted the provisions of the Act, pursuant to N.J.S.A. 34:15-7, to have an election as to whether to pursue common-law

tort remedies.  Kristiansen, supra, 153 N.J. at 311-12. Reasoning that decedent could not be deemed to have accepted the provisions of the Act if she were not defendant's employee, as her estate maintained, the trial court determined that the Division's jurisdiction could not be considered exclusive while a dispute existed over decedent's employment status.  The court thus concluded that the Superior Court "must have jurisdiction to determine whether plaintiff is an employee," at least when the plaintiff has not also filed a workers' compensation petition.

We think that Wunschel and Kristiansen compel a different result.  In Wunschel a city police officer, Wunschel, was accidently shot and killed by his on-duty partner, who was picking Wunschel up at his second job to start their tour. Wunschel, supra, 96 N.J. at 655-56.  Wunschel's widow filed a petition for workers' compensation benefits against both of Wunschel's employers, and a wrongful death suit against them as well as against Wunschel's partner.  Id. at 656.  The central issue in both actions was whether Wunschel was working for the City or his second employer when he was shot.  Id. at 657.  When the case reached the Supreme Court, the Wunschel Court was confronted with a situation in which the Division and the Superior Court had reached the opposite result on that same

factual issue.  Id. at 658.  In order to avoid such "illogical inconsistenc[ies]" in the future, the Court determined to "design a procedure to 'assure that a controversy, or its most critical facets, will be resolved by the forum or body which, on a comparative scale, is in the best position by virtue of its statutory status, administrative competence and regulatory expertise to adjudicate the matter.'"  Kristiansen, supra, 153 N.J. at 309 (quoting Wunschel, supra, 96 N.J. at 664).

The Court decided that the best forum for "employment issues" is the Division.  Wunschel, supra, 96 N.J. at 664.  The Wunschel Court acknowledged, however, that the Division's limited jurisdiction would on occasion make it impossible for the Compensation Court to exercise jurisdiction over a party whose participation was necessary to resolve all aspects of the controversy, such as when the fellow-servant defense is implicated and the fellow servant declines to intervene in the Division proceeding.  Id. at 664, 665-67.  In such cases, the Court recognized concurrent jurisdiction in the Superior Court to decide the employment issues related to the fellow-servant defense.  Id. at 666.

The Court revisited the question of the concurrent jurisdiction of the Division and the Superior Court in these matters in Kristiansen.  Kristiansen was employed by the State

as a bridge operator.  Kristiansen, supra, 153 N.J. at 302.  He was struck and killed by a motorist as he was leaving the bridge at the end of his shift.  Id. at 304.  His widow filed both a claim petition in the Division and a wrongful death action against the State and the driver.  Ibid.  The trial court rejected the State's exclusivity defense, concluding that it had concurrent jurisdiction to decide whether Kristiansen was still within the scope of his employment when he was run over on the bridge.  Id. at 302.

Describing the issue as "different from, yet related to, the employment issue raised in Wunschel," the Kristiansen Court held that although the Superior Court had concurrent jurisdiction to decide whether Kristiansen was within the scope of his employment at the time of his death, primary jurisdiction over that question was in the Division.  Id. at 313-14 (explaining that primary jurisdiction analysis requires determining which of possible tribunals has predominant interest in, and expertise to decide, disputed issue).  The Court determined that the Division's jurisdiction was primary because, unlike in Wunschel, the Division could decide all aspects of the controversy in a manner binding on all the interested parties, and "[r]egardless of whether the employer admits or denies the compensability of an accident, the Division is the forum best

suited to decide whether the accident falls within the coverage formula of the Act."  Id. at 313.

Thus, although it is certainly true, as the trial court noted, that both Wunschel and Kristiansen addressed the compensability of the accidents that befell those workers and not their status as employees,[2] we think that distinction less important than the Court's broader point that the Division is "the forum best suited to decide employment issues," between the Superior Court and the Division in a primary jurisdiction analysis.  Id. at 309, 313-14.  Larson likewise questions the soundness of hinging the primary jurisdiction of a compensation board on the distinction between employment status and compensability of the accident, 6 Lex K. Larson, Larson's Workers' Compensation Law § 102.06 (Mathew Bender rev. ed. 2013) (criticizing distinction on basis that employment status is more "fundamental" than compensability as "very questionable"), arguing that the Board is equally without jurisdiction to award compensation in the absence of employment relation as injury in the course of employment.  Id. at § 130.07.

---

[2] The precise question in Wunschel was whether the deceased police officer was working as an employee of Jersey City's police department or moonlighting for a private employer, or both, at the time of his death.  Wunschel, supra, 96 N.J. at 660.  Accordingly, the question in that case is closely analogous to the employment status issue presented in this matter.

While the presence of other parties could, depending on the circumstances, counsel against transfer to the Division, Wunschel, supra, 96 N.J. at 666, here, because there was no such impediment, Kristiansen compelled the transfer, 153 N.J. at 313. Accordingly, we hold that because Liebman's exclusivity defense turned on whether decedent was his employee or an independent contractor, an issue over which the Division could enter a binding judgment, and one which the Division was best suited "by virtue of its statutory status, administrative competence and regulatory expertise to adjudicate," id. at 309 (quoting Wunschel, supra, 96 N.J. at 664), the trial court should have transferred the case to the Division.

Because the Law Division had concurrent jurisdiction to decide whether the decedent was an employee or independent contractor, the failure to recognize the Division's primary jurisdiction would not, standing alone, require the case to be reversed. Kristiansen, supra, 153 N.J. at 318. We agree with Liebman, however, that the instructions to the jury were seriously flawed and clearly capable of producing an unjust result, thus requiring reversal. R. 2:10-2.

The court charged the jury generally regarding the distinctions between an employee and a general contractor with

reference to a lengthy list of factors. Specifically, and by way of example, the judge instructed that

> hiring, payment of regularly weekly sum, provision of tools, supplies of a workplace and being terminable at will are factors that weigh in favor of the employer/employee relationship. Lack of payroll deductions, payment in cash are factors that weigh against the employer/employee relationship.

Determining whether an individual is an employee or an independent contractor is often difficult and a recitation of factors organized into "pro-employee and pro-independent contractor lists is not particularly helpful" in accomplishing the task. Marcus v. E. Agric. Ass'n, 58 N.J. Super. 584, 600 (App. Div. 1959) (Conford, J.A.D. dissenting), rev'g on dissent, 32 N.J. 460 (1960). Moreover, because the Act is socially remedial legislation, "[t]he term 'employee' is to be defined liberally in order to bring as many cases as possible within the scope of the Workers' Compensation Act," even when the employee is attempting to have himself excluded from its coverage. Sloan v. Luyando, 305 N.J. Super. 140, 147 (App. Div. 1997).

The trial court's instructions focused only on defining whether decedent was an employee based on the control test, which is grounded in traditional master-servant principles. New Jersey Prop.-Liab. Ins. Guar. Ass'n v. State, 195 N.J. Super. 4, 14 (App. Div.), certif. denied, 99 N.J. 188 (1984) (explaining

the control test's four factors as the degree of control the employer has the right to exercise, the method of payment, who furnishes the equipment, and the right of termination).  In compensation cases, however, the Supreme Court has adopted an additional "economic and functional" test, of which the determinative criteria are "'not the inconclusive details of the arrangement between the parties, but rather the extent of the economic dependence of the worker upon the business he serves and the relationship of the nature of his work to the operation of that business.'"  Id. at 10 (quoting Marcus, supra, 58 N.J. Super. at 603 (Conford, J.A.D., dissenting)).  The trial court did not instruct the jury on this relative nature of the work test, although highly relevant here as decedent would appear to have been entirely economically dependent on Liebman.

In addition, the trial court's instruction that the lack of payroll deductions and payment in cash are factors weighing against a finding of employment was incomplete and misleading. Although they are obvious factors suggesting independent contractor status, we acknowledged their reduced importance in this context more than fifty years ago.  Brower v. Rossmy, 63 N.J. Super. 395, 405-06 (App. Div. 1960) (noting that factor of lack of payroll deductions for withholding taxes was de-emphasized in Congleton v. Pura-Tex Stone Corp., 53 N.J. Super.

282, 290 (App. Div. 1958), <u>certif. denied</u>, 34 <u>N.J.</u> 65 (1961)). We have cautioned that these factors, included in the control test, must be viewed critically in light of Larson's acknowledgment of the desire on the part of some "employers to avoid both the financial cost and the bookkeeping and reporting inconvenience that goes with workmen's compensation, unemployment compensation, social security and the like." <u>Hannigan v. Goldfarb</u>, 53 <u>N.J. Super.</u> 190, 205-06 (App. Div. 1958) (quoting Larson, <u>supra</u>, §§ 43.51, 45.10) (finding taxi driver to be "employee" for purposes of the Act despite official title of independent contractor).

Their inclusion by the trial judge without further explanation, part of a larger failure to tailor the specifics of the court's charge to the facts of the case, combined with the absence of an instruction on the relative nature of the work test, resulted in a charge that did not adequately convey the law and was clearly capable of producing an unjust result. <u>Sons of Thunder, Inc. v. Borden, Inc.</u>, 148 <u>N.J.</u> 396, 418 (1997).[3]

---

[3] Although Liebman lodged several objections to the court's charge, the failure to include the relative nature of the work test and the instruction on the effect of the cash payments and lack of withholding were not among them. Nevertheless, we are satisfied that they are appropriately noticed under the plain error doctrine. <u>Ewing v. Burke</u>, 316 <u>N.J. Super.</u> 287, 293 (App. Div. 1998) (explaining that under the plain error rule, even when counsel fails to object to jury instructions, "a charge
(continued)

Turning to the issue of damages, Liebman contends that the court's improper judicial notice of decedent's conscious pain and suffering resulted in an unjustified award on her survival claim. He also contends that because the Division should have decided whether decedent was an employee or independent contractor, the jury's entire damages verdict must likewise be set aside. We disagree.

The purpose of taking judicial notice is to save time and promote judicial economy by dispensing with the necessity of proving facts that cannot be seriously disputed and are generally or universally known. State v. Silva, 394 N.J. Super. 270, 275 (App. Div. 2007). There is no dispute that decedent did not die instantaneously. As counsel and the court were discussing the court's introductory remarks to the jurors in anticipation of voir dire, Liebman stipulated to negligence and sought to preclude details of the accident being presented to the jurors. Plaintiff objected as such details were relevant to the estate's survival claim. That led to the following exchange between defense counsel and the court.

> [DEFENSE COUNSEL]: [The decedent] was
> conscious before but as soon as the accident
> occurred, we have no idea. That is an area

(continued)
which misleads the jury will require a reversal and a new trial").

> for expertise unless the court can take
> judicial notice of that. I don't believe
> the court can.
>
> THE COURT: I'll take judicial notice that
> anybody who is conscious and gets their leg
> traumatically amputated, suffered pain.

"[F]acts that can be reasonably questioned or disputed may not be judicially noticed." Ibid. Accordingly, the trial judge should not have taken judicial notice of decedent's conscious pain and suffering as a result of the accident, which he did. That error, however, was harmless as plaintiff developed ample evidence from both Liebman, as well as a man who stopped to help, that decedent appeared conscious for several minutes following the accident, her eyes were open, she was breathing laboriously, murmuring or groaning, and appeared to be trying to respond to those speaking to her. Smith v. Whitaker, 160 N.J. 221, 236 (1999) (noting New Jersey allows recovery for pain and suffering when it can be shown that decedent survived her injuries, "however briefly"). Accordingly, we reject Liebman's challenge to the jury's award for pain and suffering on that ground.

At oral argument, we asked the parties to brief their positions on whether the jury's verdict on damages could stand were we to remand the question of decedent's employment status to the Division and it were to conclude that decedent was an

independent contractor.  Liebman contends that the jury's damages verdict must be set aside in that event because the verdict "was tainted by evidence and testimony of witnesses which the jury should never have been exposed to."  In essence, Liebman posits that the jury may have punished him for appearing to have failed to provide decedent with the benefits of employment during her life then seeking the shelter of the Act once she was dead.

The proofs would certainly be somewhat different in a trial limited to damages, but that alone is insufficient to set aside the jury's damages verdict.  Truchan v. Sayreville Bar & Rest., Inc., 323 N.J. Super. 40, 53 (App. Div. 1999) (preserving a damages award pending a new trial on liability despite reversible error because "the liability issues and the damages issues were fairly separable"); Showalter v. Barilari, Inc., 312 N.J. Super. 494, 515-16 (App. Div. 1998) (remanding for a new trial as to liability only as "none of the errors identified impacted on the damage verdict").  Except with regard to the claim as to judicial notice, which we have rejected, Liebman does not claim that the damages verdict is excessive, and we do not find it so.  Jastram v. Kruse, 197 N.J. 216, 228 (2008) (explaining that damages awards should be set aside only upon a

finding of manifest miscarriage of justice). Accordingly, we preserve it pending remand to the Division.

We have considered Liebman's remaining arguments and determined that they are not of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

To summarize, we reverse the judgment on liability only and remand the matter to the Division to determine whether the decedent was defendant's employee or performed services for him as an independent contractor. The Division shall thereafter transfer the matter to the Law Division, which shall, in accordance with the Division's determination of decedent's employment status, either reinstate the judgment in favor of the estate or dismiss the matter with prejudice in accordance with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18                                                    A-5512-11T4