975 A.2d 938

STATE OF NEW JERSEY IN THE INTEREST OF Z.W.

Superior Court of New Jersey
Appellate Division

Submitted November 12, 2008—Decided January 5, 2009.

Before Judges WEFING, YANNOTTI and LeWINN.

*Paula T. Dow*, Essex County Prosecutor, attorney for appellant State of New Jersey (*Maria I. Guerrero*, Assistant Prosecutor, of counsel and on the brief).

*Robert T. Pickett*, attorney for respondent Z.W.

*Anne Milgram*, Attorney General, attorney for amicus curiae New Jersey Division of Youth and Family Services (*Lisa J. Rusciano*, Deputy Attorney General, on the brief).

LEWINN, J.A.D.

The State appeals pursuant to leave granted from the trial court's order of May 6, 2008 that: (1) denied the request of the Essex County Prosecutor's Office (ECPO) that the court conduct an *in camera* review of a psychological evaluation obtained by the Division of Youth and Family Services (DYFS) of K.W., the minor witness to a sexual assault allegedly committed by the charged juvenile, Z.W.; (2) required the ECPO to review that report and determine whether it should be disclosed to defense counsel in whole or in part and, if so, to disclose it; and (3) required the ECPO to obtain an additional DYFS investigatory report, review it and furnish to defense counsel all or any part of that report that the ECPO deemed to be within its discovery obligations. On May 13, 2008, the trial court entered an order denying the ECPO's motion for reconsideration. We reverse.

Z.W. is a fourteen-year-old boy accused of sexually molesting his four-year-old nephew. The incident was witnessed by the victim's six-year-old sister, K.W., who reported it to her mother

who, in turn, contacted the police. We have been advised that DYFS conducted an investigation of this incident and found that the allegations were not substantiated. As part of its investigation, DYFS ordered a psychological evaluation of K.W., and released a copy of that report to the ECPO. Defense counsel demanded a copy of the report in discovery; the ECPO requested the trial court to conduct a preliminary *in camera* review.

In support of its order of May 6, 2008, the trial court held that, pursuant to *N.J.S.A.* 9:6–8.10a(a), DYFS is authorized to disclose information it obtains in investigating child abuse reports to specific entities identified in the statute, and the ECPO is identified therein as an approved recipient of such reports. The court further found that "the ECPO is 'authorized by law' to disclose [the information] by virtue of sources including Federal and State constitutions and the New Jersey Rules of Court. . . ." Therefore, the court concluded, "whenever the ECPO is . . . 'authorized by law' to disclose DYFS investigatory information[,]" pursuant to *N.J.S.A.* 9:6–8.10a(b), "the disclosure statute [*N.J.S.A.* 9:6–8.10a(a) ] does not prohibit the ECPO from disclosing such information directly to counsel for the accused juvenile[.]"

The order also stated that "the present record clearly establishes that the ECPO is aware of the existence of additional DYFS investigatory information relevant to th[is] . . . matter, namely a DYFS incident report expressly referenced in [the psychological evaluation.]" The order concluded that the ECPO "has been advised of its obligation to obtain, and if appropriate, disclose to defense counsel information contained in such additional DYFS investigatory information, pursuant to sources including *Kyles v. Whitley,* 514 *U.S.* 419, 437–38, [115 *S.Ct.* 1555, 1567–68, 131 *L.Ed.*2d 490, 508] (1995). . . ."

In support Of its request for an *in camera* review, the ECPO relied upon *Pa. v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 *L.Ed.*2d 40 (1987), and *State v. Cusick,* 219 *N.J.Super.* 452, 530 *A.*2d 806 (App.Div.) *certif. denied,* 109 *N.J.* 54, 532 *A.*2d 1118 (1987). In its order, the court deemed those cases "distinguishable on the

grounds that [they] addressed records sought directly from DYFS, as opposed to the case *sub judice* wherein DYFS had already disclosed the records to an authorized recipient, namely the ECPO[.]"

On appeal, the ECPO raises the following arguments for our consideration:

POINT I

THE TRIAL COURT IMPROPERLY DENIED THE STATE'S REQUEST FOR AN IN CAMERA REVIEW OF CONFIDENTIAL DYFS RECORDS

A. The State is Entitled To An *In Camera* Review of K.W.'s Psychosocial Evaluation

1. The United States Supreme Court Holding In *Kyles v. Whitley* Does Not Require The Disclosure of K.W.'s Psychosocial Evaluation Without An *In Camera* Review

2. The Psychosocial Evaluation of K.W. Is Also Protected Under The Victim– Counselor Privilege

B. The State Is Not Required To Obtain A DYFS Incident Report Or Other Investigatory Reports, Not Currently Within Its Possession, For Disclosure To Defense Counsel

It is undisputed that the psychological evaluation and the "additional DYFS investigatory information" referenced in the May 6, 2008 order are "confidential" documents pursuant to *N.J.S.A.* 9:6–8.10a(a), which provides in pertinent part:

All records ... made pursuant to [this statute], [and] all information obtained by [DYFS] in investigating such reports ... shall be kept confidential and may be disclosed only under the circumstances expressly authorized ... herein. [DYFS] shall disclose information only as authorized under ... this section that is relevant to the purpose for which the information is required....

*N.J.S.A.* 9:6–8.10a(b)(2) authorizes DYFS "upon written request, [to] release the records and reports referred to [herein] ... to ... [a] police or other law enforcement agency investigating a report of child abuse or neglect." In addition, *N.J.S.A.* 9:6–8.10a(b)(6) authorizes DYFS to release such information to

[a] court ..., upon its finding that access to such records may be necessary for determination of an issue before it, and *such records may be disclosed by the court* ... in whole or in part to the ... attorney or other appropriate person *upon a finding that such further disclosure is necessary for determination of an issue before the court* ....

[Emphasis added.]

Thus, while DYFS is permitted to release such reports to authorized recipients such as the ECPO, further release to third parties not identified as such by the statute should not occur until and unless the court finds that the subject information is necessary to determine an issue before it. In order to make the determination required by the statute, the court must undertake an *in camera* review of the documents in issue.

We disagree with the trial court's reliance upon *Kyles v. Whitley, supra,* as authorizing the disclosure ordered. *Kyles* indicates that relevant information in the possession of law enforcement agents need only be produced if there is a "reasonable probability" it would be necessary to ensure a criminal defendant a fair trial. *Kyles, supra,* 514 *U.S.* at 434, 115 *S.Ct.* at 1565–66, 131 *L.Ed.*2d at 506. Here, the trial court made no finding that the DYFS records met this standard. Moreover, any such finding would require in camera review of the records.

In further consideration of the confidential nature of these DYFS records, we disagree with the trial court's rejection of the ECPO's reliance upon *Pa. v. Ritchie* and *State v. Cusick,* both *supra.* We concur with the position espoused by DYFS, which appears as amicus curiae in this matter, that the relevancy of the challenged records is not the proper inquiry. As the United States Supreme Court recognized in *Ritchie,* courts must weigh the conflicting constitutional rights of criminal defendants to a fair trial and the confrontation of witnesses, against the State's compelling interest in protecting child abuse information and records. *Ritchie, supra,* 480 *U.S.* at 59–61, 107 *S.Ct.* at 1002–03, 94 *L.Ed.*2d. at 58–60. The Court held that:

> [the defendant's] interest (as well as that of the [State] ) in ensuring a fair trial can be protected fully by requiring that the [child protection agency's] files be submitted only to the trial court for in camera review.... [T]he court would be obligated to release information material to the fairness of the trial.
>
> [480 *U.S.* at 60, 107 *S.Ct.* at 1002–03, 94 *L.Ed.*2d at 59.]

In *Cusick,* we held that trial courts must look to whether disclosure of DYFS records is essential to the resolution of any issue before the court, as well as whether the information contained in

those records is available from any other source through diligent investigation on the part of the defendant. *Cusick, supra,* 219 *N.J.Super.* at 457–59, 530 *A.*2d 806.

Based upon the foregoing, we conclude the trial court erred in ordering the ECPO to release K.W's psychological evaluation to defense counsel without first conducting an *in camera* review of that document pursuant to the dictates of *Ritchie* and *Cusick.*

Regarding the "additional DYFS investigatory information," which the May 6, 2008 order required that DYFS "review . . . and evaluate whether [it] . . . should be disclosed to counsel for Z.W.[,]" we conclude this requirement runs afoul of the presumption of confidentiality and limitations on disclosure of such records as set forth in *N.J.S.A.* 9:6–8.10a(a). Defense counsel may seek disclosure of this additional information through subpoena which, in turn, will require the trial court to conduct an *in camera* review to determine whether such additional information should be disclosed. *N.J.S.A.* 9:6–10a(b)(6).

Reversed and remanded for further proceedings in conformance with this opinion.