# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2216-17T4

J.S.,

     Plaintiff-Respondent,

v.

H.S.,

     Defendant-Appellant.

_____

Argued January 30, 2019 – Decided July 3, 2019

Before Judges Alvarez and Reisner.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FD-09-2286-15.

Eric S. Solotoff argued the cause for appellant (Fox Rothschild LLP, attorneys; Eric S. Solotoff, of counsel and on the briefs; Eliana T. Baer, on the briefs).

Respondent J.S. has not filed a brief.

Peter Damian Alvino, Deputy Attorney General, argued the cause for respondent Division of Child Protection and Permanency (Gurbir S. Grewal, Attorney General, attorney; Jason Wade Rockwell, Assistant Attorney

General, of counsel; Peter Damian Alvino, Deputy
Attorney General, on the brief).

PER CURIAM

In this case, the parties, two attorneys who were never married to each other, litigated a bitter custody dispute over their daughter, M.S.[1] The child resides in New Jersey with the mother, defendant H.S., while the father, plaintiff J.S., lives in Ohio. Several months after the child's birth, the father filed a complaint seeking custody, and the mother filed a cross-motion for child support. During the litigation, the mother accused the father of sexually molesting the child, allegations the Division of Child Protection and Permanency (Division) investigated and found not substantiated. The mother unsuccessfully sought records from the Division, over the agency's objections.[2] The trial court reviewed the Division's records in camera and determined that their disclosure was not necessary to the resolution of any issue before the court.

---

[1] We use the parties' initials because the case involves allegations of child abuse. For clarity, however, we will generally refer to plaintiff as "the father" and defendant as "the mother."

[2] On this appeal, the Division filed a brief limited to the issue of access to the agency's records. Those records included a report to the Division from the Audrey Hepburn Children's House (AHCH), where the child was medically examined for evidence of sexual abuse. According to the trial court, which reviewed the records in camera, the AHCH reported that the examination was normal with no signs of trauma.

See N.J.S.A. 9:6-8.10a (b)(6); In re Z.W., 408 N.J. Super. 535, 539 (App. Div. 2009). Ultimately, the trial court found the mother failed to prove the sexual abuse allegations.

The court awarded the parties joint legal custody of the child, designated the mother as the parent of primary residence, set a parenting time schedule for the father, and appointed a parenting coordinator. Considering the parties' respective income and expenses, including the fact that the mother earns almost twice as much as the father, and the father has support obligations for other children,[3] the judge ordered the father to pay $316 per week in child support.

On this appeal, the mother challenges the trial court's decisions as to custody and child support, and seeks a new hearing before a different trial judge.[4] She presents the following points of argument:

> POINT I. THE TRIAL COURT'S DENIAL OF
> [H.S.]'S REQUEST TO REVIEW THE RECORDS OF
> THE DIVISION AND [AHCH] AND TO EXAMINE

---

[3] In Ohio, the father had a teenage daughter and a teenage son who was developmentally disabled. He also had a one-year-old son with his current girlfriend. The disabled son lived with the father. Pursuant to a court order, the father was paying over $1000 a month in support for the teenage daughter. He did not have a formal child support arrangement for the infant son.

[4] The notice of appeal lists the trial court's post-trial final order dated December 22, 2017, and a January 16, 2018 order memorializing the trial court's November 4, 2016 decision quashing subpoenas issued by the mother for the Division's records and the testimony of a Division case worker.

THE CASEWORKER WAS LEGALLY ERRONEOUS, AN ABUSE OF DISCRETION, AGAINST THE WEIGHT OF THE EVIDENCE AND DEPRIVED [H.S.] OF HER RIGHT TO DUE PROCESS.

i.      The Trial Court Applied An Incorrect Legal Standard In Denying [H.S.]'s Request To Review The Division's File.

ii.     [H.S.]'s Due Process Rights Were Violated Due To The Trial Court's Reliance on the Division's Report, In Spite Of Its Unreliability and Failure to Admit Same Into Evidence.

iii.    [H.S.]'s Due Process Rights Were Violated When She Was Denied The Ability To Examine The Division Caseworker.

POINT II.   THE TRIAL COURT'S REFUSAL TO ENFORCE [H.S.]'S TRIAL SUBPOENA AS TO [AHCH] CONSTITUTED REVERSIBLE ERROR.

POINT III.   THE TRIAL COURT ERRED IN FAILING TO TAKE ADVERSE INFERENCES AGAINST [J.S.] FOR HIS ASSERTION OF HIS FIFTH AMENDMENT RIGHTS AS TO THE CHILD SEXUAL ABUSE.

POINT IV.   THE TRIAL COURT ABDICATED ITS JUDICIAL RESPONSIBILITY IN APPOINTING A PARENTING COORDINATOR AND COMPELLING THE PARTIES TO ABIDE BY THE PARENTING COORDINATOR'S RECOMMENDATIONS, INCLUDING AS TO THE POTENTIAL EXPANSION OF [J.S.'S] PARENTING TIME.

POINT V.  THE TRIAL COURT'S CHILD SUPPORT AWARD WAS UNSUPPORTED BY FACT OR LAW AND THEREFORE CONSTITUTED AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE.

A.     The Trial Court Failed to Adjust Child Support [] To Account For Parties' Above-Guideline Income.

B.     The Trial Court Improperly Took Judicial Notice in Utilizing the Average Cost of Daycare Facilities for the Child Support Guidelines Worksheet Based Upon Documents Not Admitted into Evidence.

C.     The Trial Court Erred in Failing to Account for the Increased Cost of [H.S.]'s Travel with the Child in the Calculation of Child Support.

D.     The Trial Court Committed Plain Error in Awarding [J.S.] a Credit for a Prior Existing Support Obligation that likely Had Been Terminated as of the Date of Decision.

POINT VI.  THIS MATTER MUST BE REASSIGNED TO A NEW JUDGE.

Because the trial judge's decision resulted from a plenary hearing, we defer to her factual findings so long as they are supported by substantial credible evidence.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).  We owe particular deference to her evaluation of witness credibility and to her expertise as a Family Part judge.  Id. at 413.  We review the judge's evidentiary rulings for abuse of discretion.  State v. Nantambu, 221 N.J. 390, 402 (2015).  We review legal issues

A-2216-17T4

de novo.  Ibid.  With one limited exception, our review of the record in light of those standards leads us to affirm, substantially for the reasons stated by the trial judge in her lengthy oral opinion issued on December 7, 2017.  We remand for the limited purpose of re-determining the reasonable cost of child care and recalculating the child support award in light of that determination.

Addressing the mother's first two points, we find no merit in any of her arguments related to her concern that the father may have molested the child. The Division – as well as the AHCH, where the child was medically examined – found that the allegations of child abuse were not substantiated.  The prosecutor's office declined to pursue the case.  While we find no abuse of discretion in the judge's evidentiary rulings, the mother's evidentiary arguments are also irrelevant, because the judge did not rest her decision on the Division's conclusions.

Rather, as the judge explained in her December 7, 2017 oral opinion, the testimony of the mother and the child's babysitter did not support an inference that the father was responsible for any redness they may have observed in the child's vaginal area.  The father had a visit with the child during the day on Friday, June 3, 2016.  After he brought her home, the mother admittedly changed the child's diaper Friday night and first thing Saturday morning and did not

notice anything unusual. In response to questions from the trial judge, the mother admitted that the child was not screaming or indicating that she was in pain Friday night or Saturday morning. The mother testified that she noticed redness and swelling later on Saturday, when she changed the child's diaper during a birthday party. On Saturday evening, the babysitter arrived about 6:00 p.m., changed the child's diaper, and saw what appeared to be severe diaper rash. The mother did not take the child to the doctor until Monday. The judge also noted the mother's statement that she had never previously seen a diaper rash on her daughter. Hence, the mother may have mistakenly assumed that the inflammation she saw must be evidence of sexual abuse. The judge found there was not "sufficient credible evidence" that the father posed a risk to the child's safety.

The judge's December 7, 2017 opinion made clear that the timing of the mother's and babysitter's observations simply did not support a conclusion that the father molested the child. In this context, the mother's search for evidence with which to impugn the thoroughness of the Division's investigation was essentially a fishing expedition. In addition, the judge allowed the mother to testify about her reactions to conversations she had with a Division worker and an AHCH doctor, in order to explain the mother's skepticism about the

A-2216-17T4

investigation and her reluctance to let the father have overnight visits with the child. We find no abuse of the trial court's decision precluding the mother from access to the Division's records and its staff. The mother's arguments about discovery are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

The mother's Point III, concerning the father's trial testimony on the abuse issue, is not supported by the record and is without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

The mother next asserts that the judge gave too much authority to a parenting coordinator. That concern is based on a misreading of the judge's opinion. With respect to the parenting coordinator, the judge specifically stated in her opinion that the parents should work out disputes "[t]hrough the parent[ing] coordinator and if they cannot come to an agreement either one of them is free to come back to court." Later in her opinion, the judge repeated that the parents "can come back to court" if they cannot resolve issues through the parenting coordinator. Contrary to the mother's argument here, the judge did not give the parenting coordinator unbridled authority over parenting time issues.

A-2216-17T4

We next turn to the mother's arguments about child support, including her obligation to pay for the child's travel to visit the father in Ohio. The issue of payment for the child's travel must be viewed in context. The judge found that the mother had unreasonably blocked the father's opportunities to visit with the child and had done so even before the allegations of sexual abuse. For example, the judge recounted that, in opposing the father's request for parenting time in Ohio, the mother argued that the child was too young to fly. However, the judge later learned that the mother had taken the child on several plane trips. The judge ruled that the father was entitled to four annual visits with the child in Ohio, and liberal parenting time in New Jersey.

The judge ruled that each party must pay his or her own travel expenses associated with parenting time. Thus, when the father travels to New Jersey several times a year for visits, he must pay for his own airfare plus the cost of staying at a hotel with the child for his overnight visits. When the mother brings the child to Ohio four times a year to visit the father, she must pay for their airfare. In light of the mother's insistence on accompanying the child to Ohio and remaining there during all visits with the father, and in light of the mother's vastly greater income, we find no abuse of the judge's discretion in allocating

the travel expenses. Nor do we find error in the way the judge dealt with those expenses for purposes of calculating child support.

The mother also argues that the judge erred in failing to calculate child support in an amount beyond the regular child support guidelines, because the parents collectively earn more than $187,000 per year. See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A(21) to R. 5:6A, www.gannlaw.com (2017); Caplan v. Caplan, 182 N.J. 250 (2005). The first judge to handle the case did not award interim child support on an "above-guidelines" basis, because the parties did not present financial information focused on the expenses associated with the child. The case was then transferred to a second judge (the trial judge), who conducted the plenary hearing. At the end of the trial, when the trial judge asked both counsel about the calculation of child support, both attorneys asserted that their clients were only seeking a "guidelines" calculation. Neither attorney asked for child support to be calculated on an "above-guidelines" basis. In fact, in response to the judge's question, the mother's attorney stated "our position has been just that it should be a guideline number."

The mother's post-hearing brief to the trial court was consistent with that position, and did not even quantify the amount of child support she was seeking.

Having failed to ask the court to depart from the child support guidelines due to the parties' total income level, and having failed to address or quantify the appropriate amount or the reasons therefore, the mother may not now assert the issue on appeal.  See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

We next address the mother's argument about childcare expenses.  On that issue, the trial court found that, without consulting the father, the mother enrolled the two-year-old in what the mother described as a "pre-k" school that cost $2370 per month.[5]  The court found that the father "cannot possibly afford a $2300 daycare center per month" in light of his income and support obligations for his other children.[6]  The court determined that approximately $10,600 was a reasonable annual expense for daycare, in light of the average cost of daycare facilities in the area where the mother lived.  However, the court made that determination based on information outside the trial record.

Instead of giving the parties an opportunity to submit additional evidence as to the cost of other available and appropriate day care centers, the court assigned a law clerk to conduct an informal telephone survey of local facilities

---

[5]  We note the annualized cost of such a facility would be $28,440.

[6]  The mother testified that with salary and bonuses, her projected income for the year was $210,000.  The trial court determined that the father's total annual income was about $125,000.

A-2216-17T4

and their costs. The record presented to us does not reflect that the court asked the attorneys whether they consented to that procedure, and absent such a record we cannot infer that the court did so. We agree with the mother's contention that this was not a proper subject for judicial notice, and certainly not without giving the parties an opportunity to respond to the information. See N.J.R.E. 201(b), (e); Lall v. Shivani, 448 N.J. Super. 38, 51 (App Div. 2016); State v. Silva, 394 N.J. Super. 270, 275 (App. Div. 2007). As a result, we cannot defer to the trial court's factual findings with respect to the reasonable cost of childcare, and we are constrained to remand for reconsideration of that limited issue.[7] On remand, the court shall give the parties the opportunity to submit additional evidence on the cost issue, make new findings on that issue, and adjust the child support award if appropriate based on those findings.

Lastly, the mother's argument concerning disqualification of the trial judge is without sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E). Based on our review of the entire trial transcript, the trial judge

_____

[7] We are not disturbing any of the court's other findings about the childcare issue.

conducted the proceedings in a fair and even-handed manner and there is no basis for disqualification.[8]

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[8] The mother's argument concerning child support for the father's teenage daughter is based on speculation and does not warrant discussion here. R. 2:11-3(e)(1)(E).

13                                                          A-2216-17T4